**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH M. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-371-JHP-TLW |
| ) | |
| GREG PROVINCE, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On June 25, 2008, Petitioner, a *pro se* inmate presently incarcerated at Dick Conner Correctional Center, located in Hominy, Oklahoma, filed a petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges both his conviction entered in Oklahoma County District Court, Case No. CRF-1983-3152, and the administration of his sentence. Before the Court are the following motions: Petitioner's motions for summary judgment (Dkt. # 7), for an evidentiary hearing (Dkt. # 12), for bail pending determination of petition (Dkt. # 13), for appointment of counsel (Dkt. # 14), and Respondent's motion to dismiss (Dkt. # 9). For the reasons discussed below, the Court finds Respondent's motion to dismiss should be granted. Petitioner's motions should be declared moot.

### *BACKGROUND*

In ground 1 of his petition for writ of habeas corpus, Petitioner challenges his convictions for conspiracy to commit murder and first degree murder, entered after a jury trial in Oklahoma County District Court, Case No. CRF-1983-3152. Petitioner received sentences of five (5) years imprisonment for the conspiracy conviction and life imprisonment for the murder conviction, to be served concurrently. His convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal. Jackson v. State, 741 P.2d 875 (Okla. Crim. App. 1987). The record provided by Respondent reflects that Petitioner has previously filed seven (7)

collateral challenges to these state convictions. See Dkt. # 10, Ex. 1 (Order filed November 17, 2006, in Tenth Circuit Court of Appeals, No. 06-6323). The Tenth Circuit has repeatedly denied Petitioner's requests for leave to file a second or successive petition and has considered imposing sanctions based on Petitioner's disregard for the appellate court's previous rulings. Id.

In the habeas petition filed in this case, Petitioner identifies two (2) claims:

Ground 1: Trial court erred in allowing the jury to separate after submission of the case (relying on Johnson v. State, 93 P.3d 41 (Okla. Crim. App. 2004)).

Ground 2: Under the supervised release statute I was entitled to have a supervised release date calculated as if my life sentence were a 45-year term (relying on Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006)).

(Dkt. # 1). In response to the petition, Respondent urges the Court to dismiss the petition because ground 1 is a second or successive claim filed without authorization from the Tenth Circuit and ground 2 is time-barred.

## *ANALYSIS*

Petitioner cites 28 U.S.C. § 2241 as authority for the relief he seeks. Despite Petitioner's effort to characterize both of the claims raised in his petition as seeking relief under § 2241, the Court finds that because Petitioner challenges the validity of his conviction in ground 1, that ground is properly adjudicated under 28 U.S.C. § 2254. To the extent Petitioner challenges the administration of his sentence in ground 2, that ground is properly adjudicated under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (noting that an "action is properly brought under § 2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence").

**A. Ground 1**

In his first ground of error, Petitioner alleges that the trial court erred in allowing the jury to separate after submission of the case. As indicated above, the record reflects that Petitioner has filed numerous collateral challenges to his 1983 convictions. As a result, Petitioner's first claim triggers application of 28 U.S.C. § 2244(b)(1). Under that statute, a petitioner is required to obtain authorization from the circuit court of appeals before filing a second or successive petition in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Petitioner in this case did not comply with the provisions of § 2244(b) and filed his petition without obtaining prior authorization from the Tenth Circuit. See Dkt. # 1 at 10. As a result, this Court lacks jurisdiction to address the merits of any § 2254 claim asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing

Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the face of the petition filed in this case, the Court finds that it is not in the interest of justice to transfer this ground of error to the Tenth Circuit for authorization. Petitioner has previously presented this precise claim to the Tenth Circuit Court of Appeals in a prior motion for authorization to file a second or successive habeas corpus petition. See Dkt. # 10, Ex. 1 at 4. The Tenth Circuit ruled that "[q]uite clearly, Mr. Jackson does not meet the requirements for authorization to file a second or successive § 2254 petition." Id. Based on the Tenth Circuit's prior refusal to grant authorization to file this precise claim, it was clear at the time of filing that this Court lacked the requisite jurisdiction to consider ground 1. Therefore, it would be futile to transfer this claim to the Tenth Circuit. The claim shall be dismissed for lack of jurisdiction.

**B. Ground 2**

As his second ground of error, Petitioner challenges the administration of his sentence by arguing that based on the OCCA's decision in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), he is entitled to have his life sentence calculated as a 45-year term for purposes of determining whether he qualifies for release on "specialized parole." (Dkt. # 1 at 6). Respondent asserts that consideration of this claim is precluded by the statute of limitations. The Court agrees with Respondent.[1]

Section 2244(d) prescribes a one (1) year limitations period, as follows:

---

[1] Even if this claim were not time-barred, the claim would be dismissed for failure to state a claim because Petitioner has failed to allege facts that are sufficient to create a liberty interest inherent in the Due Process Clause or created by state law. As a result, he cannot establish a due process or any other constitutional violation entitling him to habeas corpus relief. See Boutwell v. Keating, 399 F.3d 1203 (10th Cir. 2005).

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted by a state prisoner in a § 2241 petition. Dulworth v. Evans, 442 F.3d 1265, 1267-69; Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003).

Petitioner cites Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), in support of his ground 2 claim. According to Respondent, because the Anderson opinion issued February 22, 2006, Petitioner had to file his habeas petition within one year, or by February 22, 2007. See Dkt. # 10. In his response to the motion to dismiss, Petitioner argues his claim is not time-barred because he "was not denied a supervised release date calculated as a 45-year term until May 2006 or July 2008." Dkt. # 11 at 7. Petitioner has provided a copy of a letter he wrote to Governor Brad Henry and the members of the Pardon and Parole Board, asserting that he "is entitled to have the formula for calculating his projected release date considered at a maximum 45-year term." Dkt. # 11, Attachment A. The letter appears to be dated January 30, 2006. By letter dated May 5, 2006, the

Pardon and Parole Board informed Petitioner that his request to modify his current docket date of July 2008 was denied. Dkt. # 11, Attachment B. Petitioner has also provided a copy of a "Notice of Pardon and Parole Board Hearing Result" indicating that he was on the July 2008 parole docket, and he was considered for but denied parole. See Dkt. # 11, Attachment C.

It appears that Petitioner believes he was entitled to be considered for parole prior to the July 2008 parole docket. See Dkt. # 11 at 6. However, by Petitioner's own admission, he knew the facts giving rise to this claim on or about May 5, 2006, the date of the letter from the Pardon and Parole Board denying his request to be placed on an earlier parole docket. Therefore, under 28 U.S.C. § 2244(d)(1)(D), Petitioner's § 2241 claim asserted as ground 2 accrued on May 5, 2006. Petitioner had one (1) year from that date, or until May 5, 2007, to seek habeas corpus relief. As stated above, Petitioner did not file this petition until June 25, 2008, or more than a full year after expiration of the one-year period. To the extent Petitioner argues that the subsequent denial of parole, in July 2008,[2] is a separate cause of action for statute of limitations purposes, the Court rejects the argument. See Smith v. Grubbs, 42 Fed.Appx. 370 (10th Cir. July 11, 2002) (unpublished) (stating that successive denials of parole did not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations).

In response to the motion to dismiss, Petitioner also asserts that under § 2244(d)(1)(B), his habeas petition became due "one year after the unconstitutional or illegal impediment was removed." Dkt. # 11 at 6. Petitioner states that an unconstitutional impediment existed because his facility's law library lacked information on the state's specialized parole policy as defined by Okla.

---

[2] On July 21, 2008, Petitioner was notified that he had been denied parole. Dkt. # 11, Attachment C.

6

Stat. tit. 57, § 365. Petitioner, however, has not provided specific details regarding the limitations placed on his access to legal materials or how such restrictions hindered his ability to file this claim in a timely manner. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity with regard to alleged lack of access); cf. Weibley v. Kaiser, 50 Fed.Appx. 399, 403 (10th Cir. 2002) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." (citing Miller, 141 F.3d at 978)).  In addition, the record simply does not support Petitioner's claim that the restriction imposed on his access to legal materials hindered his ability to file a timely claim. His letter to the Pardon and Parole Board, dated January 30, 2006, is replete with detailed legal citations, including citations to Okla. Stat. tit. 57, § 365.  Thus, the Court finds Petitioner's argument unconvincing.

In addition, nothing in the record demonstrates that Petitioner is entitled to statutory tolling of the one-year period under § 2244(d)(2).  Attached to the petition is a copy of an order entered by the OCCA on June 12, 2008, in No. HC-2008-470, dismissing a request for habeas corpus relief in the form of an appeal from an order entered in Osage County District Court, Case No. WH-2007-714. See Dkt. # 1, attached order. Even if Petitioner raised his ground 2 claim in that state habeas corpus action,[3] the instant federal habeas corpus action is untimely.  Petitioner filed the state habeas corpus petition on November 15, 2007,[4] or after the federal limitations period had already expired on May 5, 2007.  A collateral petition filed in state court after the limitations period has expired no

---

[3]Petitioner's state habeas petition is not part of the record in this case. As a result, the Court is unable to determine whether Petitioner presented his ground 2 claim to the state courts.

[4]Date of filing obtained from docket sheet for WH-2007-714, viewed at www.odcr.com.

longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, even if Petitioner raised his second ground for relief in the state habeas corpus action, that action did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2).

Lastly, the Court finds Petitioner has failed to demonstrate entitlement to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner has not shown that he pursued his federal claim diligently. Furthermore, he has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808. Petitioner is not entitled to equitable tolling.

Finding no statutory or equitable basis for extending the limitations period, the Court concludes that ground 2 of the petition for writ of habeas corpus, filed June 25, 2008, is untimely. Because ground 2 as asserted in the petition is time-barred, it shall be dismissed with prejudice.

*CONCLUSION*

Petitioner's first ground for relief challenges the validity of his conviction under 28 U.S.C. § 2254 and is a successive claim for habeas corpus relief filed without authorization from the Tenth Circuit. As a result, the Court lacks jurisdiction to consider the claim. The Court further finds that it would be futile to transfer ground 1 to the Tenth Circuit for authorization. Therefore, ground 1 shall be dismissed for lack of jurisdiction.

Petitioner's second ground for relief challenges the administration of his sentence under 28 U.S.C. § 2241 and is time-barred. For that reason, ground 2 shall be dismissed with prejudice.

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus is **dismissed**. Ground 1 is dismissed for lack of jurisdiction. Ground 2 is dismissed with prejudice as time barred.

3. Petitioner's motions for summary judgment (Dkt. # 7), for evidentiary hearing (Dkt. # 12), for bail pending determination of petition (Dkt. # 13), and for appointment of counsel (Dkt. # 14) are **declared moot**.

4. A separate judgment shall be entered in this matter.

DATED THIS 12th day of January 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma